COMPLETE LIST OF
PARTIES CONTAINED ON SIGNATURE PAGES

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | | |
|---|---|---|
| NAOKO ITO, et al., | ) | Case No.: 1: 06-CV-1135-AWI-DLB |
| Plaintiffs, | ) | |
| | ) | **STIPULATION FOR PROTECTIVE** |
| | ) | **ORDER AND ORDER THEREON** |
| v. | ) | Judge: Hon. Anthony W. Ishii |
| | ) | Maj. Judge: Hon. Dennis L. Beck |
| | ) | Next Event: 6/1/07, 9:00am, Ctrm 9 |
| BRIGHTON/SHAW, INC., et al., | ) | Scheduling Conference |
| Defendants. | ) | Motion Hearing |

The parties have stipulated, by and through their respective attorneys, to the entry of

the following Protective Order pursuant to Federal Rules of Civil Procedure, Rule 26(c),

IT IS HEREBY ORDERED BY THE COURT THAT:

1.     Any document, or portion thereof, and any other form of evidence or

discovery contemplated under Federal Rules of Civil Procedure, Rules 26 – 37, and Rule 45 which,

in the good faith opinion of the party providing such discovery (the "producing party") contains any

confidential financial information or proprietary information ("Confidential Information"), may be

designated by the producing party as CONFIDENTIAL.

2.     The term "litigation" used herein shall mean the within action pending in the

United States District Court, Eastern District, Action No. 06-CV-1135-AWI-DLB.

3.     Confidential Information may be designated as follows:

a.     Documents or copies provided by one party to the other containing

Confidential Information may be designated by marking the page or the pages on which the

Confidential Information appears with the legend "CONFIDENTIAL."

b.      In lieu of marking the original of a document which contains Confidential Information prior to inspection, counsel for the producing party may orally designate such documents being produced for inspection as Confidential Information thereby making them subject to this Order. However, copies of such documents must be marked "CONFIDENTIAL" by the producing party at the time they are supplied to inspecting counsel in order to make such copies subject to this Order.

c.      Confidential Information disclosed at a deposition may be designated by a producing party as Confidential Information by clearly indicating on the record, as set forth below, at the deposition the specific testimony containing Confidential Information that is to be made subject to the provisions of this order or doing so in writing to the other parties within 40 days of the completion of the deposition. Any Confidential designation of deposition transcripts may be challenged pursuant to paragraph 9 of this Order. During the course of any deposition in this litigation, if any party believes that the information sought consists of Confidential Information, he or she may so declare. The court reporter will immediately note said declaration on the record and will thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel will be so designated. It will be counsel's responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this protective order. Exhibits marked as Confidential Information at any deposition will be sealed in a separate envelope which is marked on the outside "Confidential Information". The designating party shall have the right to have all persons, except those authorized to receive confidential information pursuant to this protective order, excluded from the deposition room during the taking of testimony designated as Confidential Information.

d.      Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by prominently marking each page containing confidential Information with the legend "CONFIDENTIAL."

e.      Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked "CONFIDENTIAL."

f.      The attorneys of record shall be responsible for insuring that any of their work product which contains Confidential Information of another party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court, complies with this Protective Order.

4.      Confidential Information shall only be disclosed to and made available to the following designated persons:

a.      The attorneys of record for each party to this action and their firm staff, including associates, paralegals, secretaries, and support staff and the like;

b.      Any person designated as a qualified person by order of this Court, after notice to all parties;

c.      Independent technical, accounting, economic and legal experts retained by a party or counsel of record in connection with this lawsuit ("retained experts"), provided such retained experts or consultants agree, in advance, to be bound by this Order, to use such Confidential Information solely for purposes of this litigation or other litigation involving these parties, and not to disclose any such Confidential Information to any other person, firm, or concern.

(1)      Retained experts (not including retained consultants) shall execute an affidavit, in the form attached hereto as Exhibit A, which is to be kept by counsel and shall be subject to inspection by opposing counsel upon reasonable notice; provided however that opposing counsel shall not be entitled to review the affidavits until after the designation of experts occurs pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2).

d.      Court stenographers, outside copy services, interpreters and translators whose functions require them to have access to Confidential Information and who execute an affidavit in the form attached as Exhibit A.

5.      All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation.  No Confidential Information shall be

provided to anyone or any entity other than as specifically set forth herein.  In the event any request, subpoena or other effort is made by a third party to obtain Confidential Information other than those persons designated in paragraph 4 above, no such Confidential Information shall be provided absent an order of this Court and after due notice and an opportunity for all parties to be heard by the Court prior to release of any such Confidential Information.

    6.  Counsel for a party producing documents may redact any material which is irrelevant to the subject matter involved in this action and which would not reasonably lead to relevant information. Documents may be produced for inspection either in redacted or unredacted form. If a copy of any inspected document is requested, the copy may be redacted prior to furnishing it to the requesting counsel notwithstanding inspection of such documents in unredacted form. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black line where material has been deleted if the deletion is not otherwise readily apparent on the face of the document. If documents produced for inspection or copying are redacted on the ground of relevance or as not falling within the terms of a discovery request in this litigation, then (to the extent such redaction is not based on attorney-client privilege or work-product immunity) attorneys of record, identified in paragraph 3(a), for the receiving party shall have the right upon reasonable notice to inspect (but not copy) the original unredacted documents solely for the purpose of determining whether to challenge the propriety of redaction. Counsel for a party may identify to opposing counsel those portions of the document which a party contends should be produced in unredacted from and shall state the basis for the contention. In the event the producing party continues to refuse to produce complete and unredacted documents, counsel for the inspecting party may seek a determination by the Court that all or part of redacted portions are relevant (and/or are reasonably likely to lead to discovery of relevant information), not privileged and should be produced. Notwithstanding anything in this Protective Order to the contrary, any party may, in accordance with the Federal Rules of Civil Procedure and all applicable local rules, seek an order from the Court compelling discovery of documents, or portions thereof, or other information withheld on the grounds of attorney-client privilege or work product immunity.

7. The Clerk of the Court is directed to maintain under seal and in camera all Confidential Information, documents, objects and other materials filed with the Court that have been designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER."  To assist the Clerk, any document or object that a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the seal envelope or container, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" and a statement substantially in the following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN ACTION NO. CIV F_____., and related cross actions,  This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order or under the direction of the Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

8. Nothing in this Order shall prevent a party from using any Confidential Information at depositions, trial or during a hearing in this litigation only. However, the party using such information or material must request that the portion of the proceeding where said use is made shall be in camera and that the transcript of the portion of the proceeding be maintained under seal in camera in accordance with paragraph 6, with access thereto limited to persons entitled to access under this Order. During the course of any hearing or the trial of this litigation, if any party believes that the information sought consists of Confidential Information, he or she may so declare. The court reporter will immediately note said declaration on the record and will thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel or the Court will be so designated. It will be all counsel's responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this protective

order. Exhibits marked as Confidential Information at any hearing or trial in this litigation will be sealed in a separate envelope which is marked on the outside "Confidential Information." The designating party shall have the right to have all persons, except those authorized to receive confidential information pursuant to this protective order, excluded from the courtroom during the taking of testimony designated as Confidential Information.

9.     Nothing herein shall be construed as (a) an agreement that any information or document designated as Confidential Information does in fact constitute a confidential financial information or proprietary information; or (b) an agreement or admission with respect to the competency, relevance, or materiality of any such information or document. Designation of or acquiescence in the designation of documents or information as being subject to this Protective Order has no bearing whatsoever on the merits of this case, and such action is not to be construed as an admission or used as evidence in the merits of the case.

10.     A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.

11.     Nothing herein shall prevent disclosure beyond the terms of this order if the producing party of Confidential Information consents in writing to such disclosure.  Such relief shall be sought, however, prior to the discovery cut-off date in this litigation.

12.     Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on his examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Information produced by another party if that disclosure would be contrary to the terms of this Order.

13.     The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential. Such notification shall constitute a designation of the information as Confidential Information.

14.     Within sixty (60) days after the conclusion of this action and all appeals thereof, all documents, objects, and other material produced or designated as containing Confidential Information, all reproductions thereof, and all documents incorporating Confidential Information shall be returned to the producing party or shall be destroyed. If all such documents, objects and other materials are destroyed rather than returned to the producing party, counsel responsible for destruction of such documents, objects, and materials shall provide a sworn statement acknowledging such destruction. Insofar as the provisions of this and any other Protective Orders entered in this action restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Protective orders.

15.     The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party or a party hereto as Confidential Information, including production by Ann Ishihara of any responsive materials designated as Confidential Information in response to the Subpoena dated February 13, 2007.

1

2          16.      This Protective Order shall not prevent any of the parties from applying to

3   the Court for further or additional protective orders, or from agreeing among themselves to

4   modification of this Protective Order, subject to the approval of the Court.

5                                        _____/s/ Brian C. Leighton_____

6   Date:  _____      BRIAN C. LEIGHTON (Cal. Bar No. 090907)

7                                    BRIAN C. LEIGHTON LAW OFFICES
                                     701 Pollasky Ave.
8                                    Clovis, CA  93612
                                     Telephone:  (559) 297-6190
9

10

11                                       _____/s/ David A. Holzworth_____

12  Date:  _____      DAVID A. HOLZWORTH (Cal. Bar No. 090761)

13                                   HIROMI MARUYAMA (Cal. Bar No. 198341)

14                                   LEPON HOLZWORTH & KATO, PLLC

15                                   1225 19th Street, NW, Suite 500

16                                   Washington, DC 20036-2456

17                                   Telephone: (202) 857-0242

18                                   Attorneys for Plaintiffs

19

20                                       _____/s/ James B. Betts_____

21  Date:  _____      JAMES B. BETTS (Cal. Bar No. 110222)

22                                   BETTS & WRIGHT, A Professional Corporation
                                     P.O. Box 28550
23                                   Fresno, CA 93729-8550

24                                   Telephone: (559) 438-8500

25
                                     Attorney for Defendants CRAIG DAVIS and CINDY
26                                   DAVIS

27

28

1

2  Date: _____

_____ /s/ Myron Smith _____

MYRON SMITH

3  LAW OFFICE OF MYRON F. SMITH
4321 North West Avenue, Suite 106

4  Fresno, CA 93704
Telephone: (559) 226-5400

5

6  Attorney for Defendant JOHN QUIRING

7

8  _____ /s/ Christopher Seymour _____

9  Date: _____

CHRISTOPHER SEYMOUR

10  KIMBLE, MACMICHAEL & UPTON
5260 North Palm, Suite 221

11  P.O. Box 9489
Fresno, CA 93792-9489

12  Telephone: (559) 435-5500

13

14  Attorney for Defendants BRIGHTON/SHAW, INC. and
BRIGHTON HILLS, LTD.

15

16  _____ /s/ Thornton Davidson _____

17  Date: _____

THORNTON DAVIDSON

18  SCOTT C. HAWKINS
Davidson & Hawkins, Attorneys at Law

19  2055 San Joaquin Street
Fresno, CA 93721

20  Telephone: (559) 256-9800

21

22  Attorneys for Defendant ROBERT CARSON

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

**GOOD CAUSE APPEARING**, and based upon the Stipulation of counsel **IT IS HEREBY ORDERED** that the Court approves the above Stipulation for Protective Order **subject to the following clarification, which supersedes any contradictory provision of the Stipulation**.

**IT IS FURTHER ORDERED** that a party intending to file confidential information under seal with this Court shall comply with Local Rule 39-141 <u>as to each such filing</u>.

In moving for leave to file documents under seal the filing party shall:

1)   Request sealing only as to those documents or portions of the documents which are claimed to be confidential and entitled to protection;

2)   Shall be required to show good cause exists for the sealing of the documents. A designation of Confidential pursuant to this Protective Order is insufficient to demonstrate good cause to file under seal.


Dated:  May 22, 2007          ____/s/ *Dennis L. Beck*_____
                              HONORABLE DENNIS L. BECK