IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOKO ITO, et al.,<br><br>             Plaintiffs,<br>    v.<br><br>BRIGHTON/SHAW, INC., et al.,<br><br>             Defendants.<br><br>AND RELATED CROSS-CLAIMS | 06 CV 01135 AWI DLB<br><br>ORDER DENYING AS MOOT CROSS-DEFENDANTS' RULE 12(b)(6) AND RULE 12(e) MOTIONS |

    This case comes before the Court on motions to dismiss a cross-claim or for more definite statement. Fed. R. Civ. P. 12(b)(6); 12(e). Robert Carson ("Carson") filed his cross-claim on August 28, 2007, alleging, among other things, that Brighton Hills, LP and Shaw Academy, LP (collectively, "Cross-defendants") breached the fiduciary duty they owed to Carson. Cross-defendants filed the present motions to dismiss or for more definite statement on October 1, 2007. Carson did not file an opposition to the motions.

    On December 3, 2007, Carson filed an amended cross-claim. Under Federal Rule of Civil Procedure 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). According to Federal Rule of Civil Procedure 7(a), a cross-claim is considered a pleading. However, a "motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour

1  Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d
2  1042, 1047 (9th Cir. 2005).  Similarly, a motion for more definite statement is not considered a
3  "responsive pleading" under Rule 15.  See United Energy Owners Committee, Inc. v. U.S.
4  Energy Management Systems, Inc., 837 F.2d 356, 358 (9th Cir. 1988) (noting that "defendants
5  did not file a responsive pleading; instead, they filed motions to dismiss or for a more definite
6  statement").

7  Thus, where a motion to dismiss and/or a motion for more definite statement is filed
8  instead of an answer, Rule 15(a) allows a plaintiff to amend the original cross-claim once as a
9  matter of course without the need of obtaining leave of court.  See Fed. R. Civ. Pro. 15(a); Crum,
10 231 F.3d at 1130 n.3; Neifeld, 438 F.2d at 425 n.3.  An amended pleading "supersedes the
11 original, the latter being treated thereafter as non-existent."  Forsyth v. Humana, Inc., 114 F.3d
12 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

13 Here, Cross-defendants did not file an answer, but instead filed motions to dismiss or for
14 a more definite statement.  As no prior amended cross-claims have been filed, Carson was
15 entitled to file his amended cross-claim as a matter of course under Rule 15(a).  The amended
16 cross-claim supersedes the original, and the original cross-claim is treated as non-existent.  Since
17 Cross-defendants' motions attack Carson's original and now "non-existent" cross-claim, Cross-
18 defendants' motions are moot.[1]

20 Accordingly, IT IS HEREBY ORDERED that Cross-defendants' motions to dismiss or
21 for more definite statement are DENIED as moot.
22 IT IS SO ORDERED.
23 **Dated:   December 7, 2007**              /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Carson's amended cross-claim no longer names Shaw Academy, LP as a party.  The Court further notes that much like a third-party to an action, a party that has been previously dismissed from an original action may not be brought in through a cross-claim generally.  However, the Court makes no ruling on this issue because it is not before the Court.