IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOKO ITO, et al., ) | 06 CV 01135 AWI DLB |
| ) | |
| Plaintiffs, ) | MEMORANDUM OPINION |
| v. ) | AND ORDER DENYING |
| ) | DEFENDANT CARSON'S |
| BRIGHTON/SHAW, INC., et al., ) | MOTION FOR |
| ) | RECONSIDERATION |
| Defendants. ) | |
| ) | (Document # 126) |
| ) | |
| AND RELATED CROSS-CLAIMS ) | |
| ) | |

This case comes before the Court on a motion by Defendant Robert Carson ("Carson") for reconsideration of this Court's March 13, 2008 ruling granting summary judgment for conversion against Carson. Plaintiffs are the heirs and successors in interest to Japanese investors Fumitoshi Ito and Shizuo Miyoshi. Defendants to the action are Robert Carson, John Quiring, Cindy Davis and Craig Davis ("Defendants"). For the reasons that follow, the motion for reconsideration will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 21, 2007, the heirs and successors in interest to Ito and Miyoshi, Naoko Ito, Toshie Ito, Takafumi Ito, Michiko Morinaga and Kimiko Miyoshi Price ("Plaintiffs"), filed a

motion for summary judgment for conversion against all Defendants, and for breach of fiduciary duty against Defendant John Quiring ("Quiring").  On March 13, 2008, the Court granted summary judgment for conversion against Carson and Quiring, and denied summary judgment for the remaining claims.  The cause of action against Carson was based on Plaintiffs' claim that Carson secretly converted twelve partnership units in the Brighton Hills Limited Partnership ("Brighton Hills") through fraudulent assignments without the required notice and approval or the payment of any consideration to Plaintiffs.  On April 11, 2008, Carson filed a motion requesting the Court to reconsider its ruling against him in light of newly obtained evidence.  Plaintiffs filed an opposition on May 14, 2008.  No reply brief was filed.

## LEGAL STANDARD

Carson's motion for reconsideration may be brought under Rule 60(b) of the Federal Rules of Civil Procedure or Rule 78-230(k) of the Local Rules of the Court.[1]  Rule 78-230(k) governs applications for reconsideration of motions that have been granted or denied.  Under the local rule, the moving party must set forth "the material facts and circumstances surrounding each motion for which reconsideration is sought," including (1) when the prior motion was made; (2) what ruling was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown in the prior motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.  L.R. 78-230(k).

Similarly, Federal Rule of Civil Procedure 60(b) allows a party to move a court for relief from a final judgment, order, or proceeding.  Grounds for relief under Rule 60(b) include, inter alia, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that

---

[1] A district court may also reconsider its grant of summary judgment under Federal Rule of Civil Procedure 59(e) (a motion to alter or amend a judgment), School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993), but a Rule 59(e) motion must be filed by the party in ten days, Fed. R. Civ. P. 59(e), and the district court has no power to extend that time, Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir. 1993).  Carson filed his motion for reconsideration nearly a month after summary judgment was granted against him.

could not have been discovered in time to bring it to the court's attention before the order was issued; and (3) fraud or misconduct by an opposing party.

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, (1988). Motions for reconsideration should not be freely granted. They are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1980).

## DISCUSSION

### A. Delay in Bringing Forth New Evidence

Carson's application for reconsideration is based on his claim that new evidence has surfaced, which would have changed the outcome of Plaintiffs' motion for summary judgment. Specifically, Carson claims that the newly discovered evidence reveals that Shizuo Miyoshi did not sign the IQ Properties-BHLP Limited Partnership Agreement ("Agreement") on January 15, 1996, as previously believed, but that his daughter, Plaintiff Michiko Morinaga, actually signed his name in his place.

Carson obtained the new evidence at the deposition of Miyoshi's other daughter, Plaintiff Kimiko Miyoshi-Price, on February 22, 2008. However, Carson did not bring this evidence to the attention of the Court until exactly seven weeks later, when the present motion for reconsideration was filed on April 11, 2008. More importantly, Carson obtained the evidence almost three weeks before the Court issued its decision on the summary judgment motion on March 13, 2008, but failed to alert the Court during that entire time. As discussed above, a motion for reconsideration calls for an explanation as to why a party seeking the reconsideration

did not inform the court of the grounds for relief before the judgment was entered or the order was issued. Local Rule 78-230(k) requires the moving party to set forth "why the [new] facts or circumstances were not shown at the time of the prior motion." Rule 60(b) allows for relief from a final judgment or order if the "newly discovered evidence, with reasonable diligence, could not have been discovered in time" to inform the court before the judgment, order or proceeding was final.

There is no question here over whether or not Carson could have discovered the evidence earlier or whether his diligence was "reasonable." Further, there is no issue over whether Carson's motion for reconsideration violates any statute of limitations in either rule.[2] This Court only takes issue with Carson's apparent decision to wait for the Court to make its ruling before submitting the new evidence. The only explanations offered by Carson for the delay are: (1) that "briefing for the summary judgment motion had closed" by February 22, 2008, the date of the deposition; and (2) that the hearing for the summary judgment motion "was taken off calendar by the Court." Presumably, Carson means that he would have raised the issue in his opposition brief to the motion for summary judgment or during the hearing on the motion, but that neither opportunity was available to him. However, neither occurrence barred Carson from filing with the Court any type of notice of newly discovered evidence and request to file a supplemental brief based on that evidence.

Allowing a party with new evidence to "wait and see" how a court rules before submitting the evidence in a motion for reconsideration is contrary to the purpose behind Rule 60(b) and Local Rule 78-230(k) because it grants the party multiple "bites at the apple." It is against the policy of this Court because it wastes judicial resources. Accordingly, courts are traditionally unyielding in requiring that a party show good reason for the failure to take appropriate action sooner, and Carson's explanation is insufficient. 11 Wright, Miller & Kane,

---

[2] The only applicable statute of limitations would be the one year time limit in Rule 60(b) that applies to the "newly discovered evidence" clause, 60(b)(2), which Carson does not violate.

Federal Practice and Procedure: Civil 2d § 2857.  In fact, most courts hold that if the "newly discovered" evidence was in the possession of the moving party before the judgment was rendered or the order was issued, as in this case, it is not "newly discovered" and does not entitle the party to relief.  Id. § 2859; see, e.g., Kolstad v. United States, 262 F.2d 839 (9th Cir. 1959); United Mine Workers of America 1974 Pension v. Pittston Co., 984 F.2d 469 (D.C. Cir. 1993). "A motion for reconsideration of an order granting summary judgment is treated similarly to a motion for a new trial, requiring evidence or argument that could not have been presented earlier."  Smith v. San Francisco Unified School Dist., No. C 03-3715 PJH, 2006 WL 3798139, (N.D. Cal. Dec. 22, 2006) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 14:362.1 (2006)).

Therefore, Carson's motion for reconsideration is denied for failure to show sufficient cause for the delay in bringing forth the purported new evidence.

### B.  Relevance of New Evidence

Even if the purported new evidence was timely submitted, "the evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case."  Coastal Transfer v. Toyota Motor Sales, 833 F.2d 208, 210 (9th Cir. 1987).  In order to prevent further argument on the issue, the Court will also consider the merits of whether Carson has identified any such new evidence.

First, the relief sought by Carson (reconsideration of the entire conversion claim against him) is overreaching, because the new evidence only deals with the signature of Miyoshi.  No evidence has been submitted in this motion to claim that the other signatories to the Agreement, John Quiring and Fumitoshi Ito, did not sign their own names.  As such, there is no claim that the agreement between them was fraudulent or unenforceable.  Therefore, regardless of the impact of the new evidence, Carson is still liable for the conversion of at least six of the twelve partnership units (Ito's share) under the claim of the Plaintiff-heirs of Ito.

As to the remaining six units, Carson concludes that if Miyoshi never signed the Agreement, "the Agreement was either a fraud or unenforceable," in which case, "John Quiring may well have had the authority to transfer the Brighton Hills unit to Carson and [Craig and Cindy] Davis." However, to determine precisely what relevance, if any, the new evidence has on Plaintiffs' conversion claim against Carson, it is important to consider the evidence in light of the elements of the claim. Under California law, conversion "is the wrongful exercise of dominion over the property of another." Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 543-544 (Ct. App. 1996). The elements of a conversion in California are: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Id.

The only apparent impact of Carson's new evidence on Plaintiffs' claim is on the first prong. Arguably, if Miyoshi never signed the Agreement, he would never have had ownership or right to possession of any of the disputed partnership units, in which case Plaintiff-heirs of Miyoshi would not have standing to bring any such conversion claim now.

In order to bring a conversion claim, Plaintiff-heirs of Miyoshi must establish their ownership or right to possession of the six partnership units at the time of the alleged conversion. As detailed in the summary judgment order, it is already established that both Ito and Miyoshi paid one million dollars each to Carson and that $1,466,666.64 of that money was ultimately used to purchase the twelve units in Brighton Hills. The units were actually purchased by a partnership called IQ Properties International, not the similarly named IQ Properties-BHLP, but as explained in the summary judgment order, "[a]ll parties have continuously used the term 'IQ Properties' in an imprecise manner throughout the briefing for this motion, sometimes distinguishing between the two entities but often generalizing and conflating the two. Either way, it cannot be disputed that one of the two entities purchased the twelve limited partnership units in Brighton Hills for approximately $1,466,666.64. More importantly, it does not matter for the purposes of this claim because Carson concedes that by some point, at least July 1996, the

1  Japanese investors owned or had a right to possession of the twelve units in Brighton Hills."
2  Doc. 125 at 10.
3      Therefore, there is still no issue over whether Ito or Miyoshi possessed an ownership interest or a right to possession in the twelve units as of, at least, July 1996 and possibly as far back as December 1995.  It was also established in the summary judgment order that Plaintiffs, the surviving heirs of Ito and Miyoshi, have standing to bring an action for conversion for their claim in the disputed partnership units.  The remaining elements of the conversion claim are not challenged here.

## **ORDER**

Based on the above memorandum opinion, the Court ORDERS that Defendant Robert Carson's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   June 3, 2008**         /s/ Anthony W. Ishii
                                                 UNITED STATES DISTRICT JUDGE