# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOKO ITO, et al., ) | NO. 1:06-CV-01135-AWI-DLB |
| ) | |
| Plaintiffs, ) | ORDER DISMISSING ALL CLAIMS |
| ) | BETWEEN BRIGHTON HILLS |
| v. ) | PARTNERSHIP AND CRAIG DAVIS |
| ) | IN LIGHT OF STIPULATION OF |
| BRIGHTON/SHAW, INC., et al., ) | DISMISSAL |
| ) | |
| Defendants. ) | |
| _____) | |

and related cross-claims.

On November 11, 2008, Brighton Hills Limited Partnership ("Brighton Hills") and Craig Davis ("Davis") filed a stipulation for dismissal with prejudice as to all claims between Brighton Hills and Davis pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The notice is signed by each party who has appeared in this case.

Fed. R. Civ. P. 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed. R. Civ. P. 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills

Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. P. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Fed. R. Civ. P. 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(I) dismissals).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because Brighton Hills and Davis have filed a stipulation for dismissal with prejudice as to all claims between Brighton Hills and Davis under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated as to all claims between Brighton Hills and Davis.  See Fed. R. Civ. P. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that all claims between Brighton Hills and Davis are dismissed with prejudice pursuant to the parties' filed and properly signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:   November 18, 2008**              /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE

2