1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOKO ITO, et al., ) | 1:06cv1135 AWI DLB |
| ) | |
| ) | |
| ) | ORDER GRANTING DEFENDANT |
| Plaintiffs, ) | CARSON'S MOTION TO WITHDRAW |
| ) | DEEMED ADMISSIONS |
| v. ) | |
| ) | (Document 204) |
| BRIGHTON/SHAW, INC., et al., ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

On November 5, 2008, Defendant Robert Carson ("Carson") filed the instant motion to withdraw deeded admissions. The matter was heard on December 12, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thornton Davidson appeared on behalf of Carson. Mandy Jeffcoach appeared on behalf of Defendant Craig Davis ("Davis").

## BACKGROUND

This action for declaratory and other relief to establish the ownership rights in 12 limited partnership units was filed on August 25, 2006. To date, most of the claims have been resolved by prior summary judgment motions and settlements. The only remaining claims are cross-claims between Carson and Davis. Carson has brought cross-claims against Davis for malpractice and breach of contract, and Davis has brought cross-claims against Carson for fraud-related causes of action.

1    Davis filed a motion for summary judgment on October 17, 2008, based on newly

2  discovered facts from Carson's deemed admissions.  The motion will be heard *after* the instant

3  motion to withdraw the admissions is decided.

4    Carson filed this motion to the deemed admissions on November 5, 2008.

5    Davis filed his opposition on November 25, 2008.  No reply has been filed.

6    The pre-trial conference is set for January 8, 2009, and trial is set for February 24, 2009.

7                                    **LEGAL STANDARD**

8    Federal Rule of Civil Procedure 36(a) states that a matter is deemed admitted "unless,

9  within 30 days after service of the request ... the party to whom the request is directed serves

10  upon the party requesting the admission a written answer or objection addressed to the matter,

11  signed by the party or by the party's attorney."  Once admitted, the matter "is conclusively

12  established unless the court on motion permits withdrawal or amendment of the admission"

13  pursuant to Rule 36(b).  Rule 36(b) provides, in pertinent part:

14      [T]he court may permit withdrawal or amendment if it would promote the presentation of
       the merits of the action and if the court is not persuaded that it would prejudice the
15      requesting party in maintaining or defending the action on the merits.

16    Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions.

17  Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).  The rule permits the district court to

18  exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1)

19  "the presentation of the merits of the action will be subserved," and (2) "the party who obtained

20  the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in

21  maintaining the action or defense on the merits."  Conlon, 474 F.3d at 621-622.  Although these

22  two factors are central to the analysis, in deciding whether to exercise its discretion when the

23  moving party has met the two-pronged test of Rule 36(b), the district court may consider other

24  factors, including whether the moving party can show good cause for the delay and whether the

25  moving party appears to have a strong case on the merits.  Conlon, 474 F.3d at 625.

26    Rule 36 "seeks to serve two important goals: truth-seeking in litigation and efficiency in

27  dispensing justice."  Conlon, 474 F.3d at 622; see Fed.R.Civ.P. 36(b) advisory committee note.

28

                                             2

1    Thus, a district court must specifically consider both factors under the rule before deciding a

2    motion to withdraw or amend admissions.

3         The first half of the test in Rule 36(b) is satisfied when upholding the admissions would

4    practically eliminate any presentation of the merits of the case.  Conlon, 474 F.3d at 622 (citing

5    Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995).  As to the second prong, the party

6    relying on the deemed admission has the burden of proving prejudice.  Conlon, 474 F.3d at 622.

7    The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the

8    admission will now have to convince the factfinder of its truth.  Rather, it relates to the difficulty

9    a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because

10   of the sudden need to obtain evidence' with respect to the questions previously deemed

11   admitted."  Hadley, 45 F.3d at 1348.

12        When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on

13   the prejudice that the nonmoving party would suffer at trial.  Conlon, 474 F.3d at 623 (citing

14   Sonoda v. Cabrera, 255 F.3d 1035, 1039-40 (9th Cir.2001) (holding, without further analysis,

15   that the district court did not abuse its discretion by granting the Rule 36(b) motion to withdraw

16   deemed admissions because the motion was made before trial and the nonmoving party would

17   not have been hindered in presenting its evidence)); Hadley, 45 F.3d at 1348 (focusing the

18   prejudice inquiry on the unavailability of key witnesses and a sudden need to obtain evidence);

19   see also Raiser v. Utah County, 409 F.3d 1243, 1247 (10th Cir.2005) (finding no prejudice when

20   the nonmoving party had relied on the deemed admissions for only a two-week period in

21   preparing its summary judgment motion); In re Durability, 212 F.3d 551, 556 (10th Cir.2000)

22   (holding categorically that preparing a summary judgment motion by relying on admissions does

23   not constitute prejudice).

24

25

26

27

28

1

## DISCUSSION

Carson contends, and the Court agrees, that the first prong of the 36(b) test is met because the request for admissions addresses many issues which, if admitted, would eviscerate his claims.[1]  For example, the admissions purportedly prove that Carson knew that Quiring had no authority to transfer the investors' partnership units, yet he asserts in his cross-complaint that Davis committed legal malpractice in part because he failed to determine whether Quiring could legally transfer the units.  Indeed, most, if not all of the admissions, are completely contrary to the claims made in his cross-complaint.

The admissions are also contrary to Carson's own sworn testimony, in which he explained that he believed that Quiring had authority to transfer the units but hired Davis to review the transfer and prepare the documents.  He further testified that he expected Davis to confirm Quiring's authority, but he instead took Quiring at his word despite knowing that Quiring had a strong financial motivation to accomplish the transfer.  The admissions, not surprisingly, wholly unravel Carson's claims.

---

[1] According to Carson's First Amended Cross-Claim, Carson, as general partner of Brighton Hills and Shaw Academy, retained Davis to assist him with a dispute that had arisen between him and the limited partners.  He also sought legal advice from Davis regarding 12 units of Brighton Hills, which were held by IQ Properties, a California partnership that Carson believed was controlled by John Quiring.  Carson believed that he was entitled to the 12 units based on work he performed for two Japanese Investors, and based on representations made by them or their representatives.  Carson advised Davis that the Japanese investors had a legal and equitable claim in the 12 units and/or were limited partners in IQ Properties.  Davis was also aware that Carson had no writing confirming that the Japanese investors had forfeited their rights to the 12 units.

During the representation, Davis became an owner of 5-7 of the 12 units in exchange for paying off an unpaid obligation of Quiring's for approximately $70,000.  He did not obtain any documents which authorized Quiring to transfer the units from IQ Properties.  Davis negotiated an agreement with the Partnership's attorney under which Carson would resign as General Partner, forfeit his rights and agree to defend and indemnify the Partnership against any claims from the Japanese Investors, Quiring, or anyone else involved with the units.  In exchange, Brighton Hills agreed to transfer the units to Carson and Davis on or about May 2002, pursuant to a Mutual Release, Assignment and Indemnity Agreement.  Concurrent with the agreement, Davis promised to perform legal services for an indefinite period at no cost for Carson relative to the claims adverse to their ownership of the units.  Subsequently, Brighton Hills made numerous adverse claims against Carson's and Davis' ownership.  After this action was filed, Carson relied upon Davis to prepare an answer.  Instead, Plaintiffs entered Carson's default.

Based on these facts, Carson alleges (1) Legal Malpractice based on Davis' failure to obtain Carson's written acknowledgment of the actual conflicts, failing to perform due diligence in determining whether Quiring had the legal authority to transfer the units and using the agreement to his advantage; (2) Breach of fiduciary duty; and (3) Breach of contract insofar as Davis agreed to provide legal services to Carson at no charge.

1    The impact of the admissions on Carson's claims, then, strongly demonstrates that the

2    presentation of the action on the merits would be effectively prevented.

3    Turning to prejudice, the Court finds that Davis has not met his burden of demonstrating

4    prejudice for a number of reasons.  Insofar as Davis believes that he will be prejudiced because

5    the discovery deadline has passed and he conducted discovery based on the existing admissions,

6    this does not constitute prejudice under these circumstances, and, in any event, is easily rectified.

7    See Conlon, 474 F.3d at 623-624 (where court can reopen discovery and trial is not imminent,

8    reliance on deemed admissions in not conducting discovery before trial generally does not

9    constitute sufficient prejudice to bar a motion to withdraw).

10    Nor does Davis' assertion that he filed a motion for summary judgment based on the

11    admissions demonstrate prejudice in light of the strong preference to move forward on the merits

12    of the action.  See Conlon, 474 F.3d at 623 (citing Kirtley v. Sovereign Life Ins. Co. (In re

13    Durability Inc.), 212 F.3d 551, 556 (10th Cir.2000) (holding categorically that preparing a

14    summary judgment motion by relying on admissions does not constitute prejudice) and FDIC v.

15    Prusia, 18 F.3d 637, 640 (8th Cir.1994) (same)).  In fact, Davis' motion for summary judgment

16    includes arguments not based on the admissions, such as whether Carson can prove that Davis'

17    representation fell below the standard of care without an expert.

18    _____Davis also relies heavily on the circumstances of Carson's failure to file timely responses

19    to the request for admissions.  Davis also believes that the Court should focus on what he

20    believes to be "inconsistent" statements about Carson's responses in his opposition to the motion

21    for summary judgment and the instant motion.  While there may have been confusion as to

22    whether the responses were prepared and served timely but not received by Davis, or not

23    prepared until *after* they were due, these issues do not rise to the level of prejudice necessary to

24    overcome the presumption that a case should be tried on the merits.

25    _____The Court therefore finds that the motion to withdraw Carson's admissions should be

26    GRANTED.  As discussed at the hearing, the current dates will remain in effect.

27

28

1   However, the Court further finds that Davis should be compensated for time spent in

2   reliance on the admissions.  The parties indicated that they would meet and confer on this issue

3   and attempt to resolve it within thirty days of the hearing.  If an agreement cannot be reached, the

4   parties may file additional briefing.

5

6   IT IS SO ORDERED.

7   **Dated:**   **December 24, 2008**                    /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28