IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOKO ITO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BRIGHTON/SHAW, INC., et al.,<br><br>　　　　Defendants.<br>_____<br>and related cross-claims. | NO. 1:06-CV-01135-AWI-DLB<br><br>ORDER DENYING CROSS-<br>DEFENDANT CRAIG DAVIS'S EX<br>PARTE APPLICATION FOR ORDER<br>CORRECTING AND MODIFYING<br>COURT'S DECEMBER 24, 2008<br>ORDER ON DAVIS'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>(Document #237) |

　　　　On June 5, 2008, Cross-Defendant Craig Davis ("Davis") filed a motion for summary judgment as to Robert Carson's ("Carson") first, second and third causes of action. Carson's first cause of action alleges legal malpractice. Carson's second cause of action alleges breach of fiduciary duty. Carson's third cause of action alleges breach of contract. On August 8, 2008, this court issued an order denying Davis's motion for summary judgment on Carson's first and third causes of action and granting Davis's motion on Carson's second cause of action. (Document #171.)

　　　　On October 17, 2008, Davis filed a second motion for summary judgment as to Carson's first and third causes of action. Davis's motion was based on alleged new facts or circumstances, namely Carson's deemed admissions to Davis's second request for admissions.

　　　　On December 24, 2008, Magistrate Judge Beck granted Carson's motion to withdraw his

deemed admissions.

On December 24, 2008, this court denied Davis's second motion for summary judgment on Carson's first and third causes of action based upon this court's previous August 8, 2008 summary judgment order and based on Magistrate Judge Beck's evidentiary ruling.

On December 31, 2008, Davis filed an ex parte application for an order correcting and modifying the court's December 24, 2008 denial of Davis's second motion for summary judgment. Davis contends that this court's reasoning is "palpably incorrect" as to Carson's first cause of action because Davis alleges that this court's sole basis for denying Davis's motion was based on a purported erroneous belief that Magistrate Judge Beck's ruling on Carson's motion to withdraw his deemed admissions was dispositive of Davis's motion for summary judgment.

First, contrary to Davis's assertion, this court's December 24, 2008 denial was not solely based on Magistrate Judge Beck's evidentiary ruling but instead explicitly stated that it was also based on its previous August 8, 2008 summary judgment order, which fully addressed and denied Davis's very same summary judgment arguments as to Carson's first and third causes of action.

Second, this court has reviewed all of Davis's alleged additional new facts and circumstances, namely Carson's December 8, 2008 responses to Davis's second set of undisputed facts, and finds that they do not alter the court's August 8, 2008 findings.[1] Davis

---

[1] On August 8, 2008, this court denied Davis's motion for summary judgment as to Carson's attorney malpractice cause of action on the grounds that a factual dispute existed regarding Davis's awareness of a competing ownership interest in the 12 units and Carson's disclosure or non-disclosure of a competing interest. This factual dispute precluded summary judgment because Carson's action was partially based on Davis's alleged breach of duty by failing to perform "adequate due diligence in determining whether Quiring had legal authority to transfer the Brighton Hills' partnership units held by IQ Properties . . ." (Carson Cross-Cl. at page 5.)

The court also rejected Davis's argument that Carson needed to provide expert testimony to prove Carson's attorney malpractice cause of action. The court held that expert testimony was not necessary in cases where the failure of attorney performance was clear. The court relied on Day v. Rosenthal, 217 Cal. Rptr. 89,102 (Ct. App. 1985) for the proposition that courts could evaluate claims that were clearly contrary to established professional standards without expert testimony. This court further held that it required no expert to explain "that it is contrary to established standards for an attorney to effect the assignment of personal property while fully aware that the property may belong to another and then to further effect the assignment of

contends that Carson's responses to Davis's second set of undisputed facts establish that "there is no evidence before the Court creating a material issue of fact as to whether Davis <u>in fact</u> knew of the Plaintiffs'[2] competing claims." (<u>See</u> Davis ex parte application at page 5.) For example, Davis contends that Carson's response to Davis's undisputed fact No. 11: "Carson believed that Quiring did have such authority [to transfer the units] and communicated that belief to Davis, he specifically retained Davis to confirm the legal basis of that authority," does not prove that Davis in fact knew of a competing claim. (<u>Id.</u>) This statement presupposes whether there was sufficient authority.

While Davis is correct that Carson's above quoted response does not establish that Davis in fact knew of Plaintiffs' competing claims in the 12 units, this finding does not warrant granting summary judgment in Davis's favor. Such a finding would be sufficient to defeat summary judgment in favor of Carson on this issue if Carson was the moving party. However, the legal question here is whether Davis raises any new evidence that would warrant granting summary judgment in favor of Davis, the moving party.

In order to succeed on his second quest for summary judgment, Davis would need to provide new evidence that would prove that Davis was in fact *not aware* of a competing interest in the 12 units. However, Carson's response does not establish this evidence as his response does not speak to whether Davis was in fact aware of the competing interests in the 12 units. While Davis may disagree with Carson's contention that Carson disclosed any potential competing interests, this merely confirms that a factual dispute still exists. Accordingly, Davis's new evidence does not negate the court's August 8, 2008 finding that a factual dispute still exists as to Davis's awareness of a competing ownership interest in the 12 units and Carson's disclosure or obfuscation of that information.

Additionally, the court has reviewed Davis's other examples of Carson's purported

---

property to himself."

[2] Plaintiffs refers to the Japanese investors, who were plaintiffs in the underlying action.

3

admissions and finds that they are without merit. Accordingly, Carson's December 8, 2008 responses do not act as fatal admissions as Davis would like the court to believe and the court maintains that a factual dispute still exists as to Davis's knowledge of a competing ownership claim in the 12 units. Moreover, Davis has not provided the court with any new evidence that nullify's the court's August 8, 2008 finding that Carson does not need to provide expert testimony to prove his attorney malpractice claim.

Therefore, Davis's ex parte motion is denied in light of this court's August 8, 2008 denial of Davis's first motion for summary judgment and Magistrate Judge Beck's ruling.[3]

## ORDER

Based on this court's August 8, 2008 summary judgment order and Magistrate Judge Beck's December 12, 2008 order, the court ORDERS that Davis's ex parte application for an order correcting and modifying the court's December 24, 2008 denial of Davis's motion for summary judgment as to Carson's first and third causes of action is DENIED.

IT IS SO ORDERED.

Dated:   **January 13, 2009**                     **/s/ Anthony W. Ishii**
                                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Additionally, given Davis's unusual summary judgment briefing timeline, it is questionable whether Davis can even properly base his second motion for summary judgment on Carson's December 8, 2008 responses to Davis's second set of undisputed facts given that these responses do not clearly qualify as new evidence. That is, when Davis filed his second motion for summary judgment on October 8, 2008, Davis claimed his new evidence was based solely on Carson's deemed admissions. Since, Magistrate Judge Beck effectively dissolved Davis's new evidence based on Carson's deemed admissions, Davis now creatively claims that his October 8, 2008 motion is actually based on Carson's December 8, 2008 responses. Thus, it is dubious whether Carson should properly get a second bite of the motion for summary judgment apple based on new evidence that did not exist at the time he filed his second motion for summary judgment. Nevertheless, the court has reviewed all of Davis's alleged new evidence and finds that it does not alter the court's prior August 8, 2008 findings.