IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NAOKO ITO, et al., | ) | NO. 1:06-CV-01135-AWI-DLB |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING CROSS- |
| | ) | COMPLAINANT ROBERT |
| v. | ) | CARSON'S MOTION FOR |
| | ) | RECONSIDERATION |
| BRIGHTON/SHAW, INC., et al., | ) | |
| | ) | (Document #288 ) |
| Defendants. | ) | |
| _____ | ) | |
| and related cross-claims. | | |

## BACKGROUND

On May 15, 2009, Cross-Complainant Robert Carson ("Carson") filed a trial brief, which included various arguments for reconsideration of the court's May 11, 2009 motion *in limine* rulings.  On May 25, 2009, the court issued an order directing Carson to file a formal free-standing motion for reconsideration.  On June 16, 2009, Carson filed the instant revised motion for reconsideration.  Carson argues that certain portions of the court's May 11, 2009 motion *in limine* rulings were erroneous and unfair.  On July 6, 2009, Cross-Defendant Craig Davis ("Davis") filed an opposition to Carson's motion.  On August 31, 2009, Carson filed a reply.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.

1992).  Motions for reconsideration are disfavored, however, and they are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Reconsideration is not to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodger v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Moreover, when filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

Carson contends that the court erred in its evidentiary ruling that Carson cannot pursue his attorney malpractice claim without first proving that:  (1) Davis knew about the Japanese investors' interests in the 12 units; or (2) Davis knew that Quiring had no authority to transfer the 12 units; or (3) Davis did no due diligence at all.  Carson claims that the court's holding is incorrect because Davis himself identified the standard of care in a March 19, 2002 letter to Jeffrey Boswell, when Davis stated that his due diligence included "the process of obtaining underlying documents concerning IQ Properties International demonstrating Quiring's authority to execute the subscription agreement."

Carson's argument is not new to this court as Carson raised this identical argument in his motion *in limine* #5. On May 11, 2009, this court dismissed this very same argument and held that the mere fact that Davis indicated what he was going to do with respect to the unit transfer did not establish what a reasonable attorney would have done, and did not define the applicable standard of care. The court was concerned, and is still only concerned, with the relevant standard of care, i.e. what a reasonable lawyer in the community would adhere to; it is not concerned with Davis' unique personal standard. Although Carson cites a number of cases, these cases fail to show that the court committed clear error. Rather, the cases cited by Carson merely stand for the general proposition that expert testimony is not necessary if the subject matter is such that lay persons could infer from common knowledge that the injury would not have occurred absent negligence. Carson, however, fails to cite to controlling case law that supports his contention that the standard of care for an attorney's due diligence in a transactional case is within the common knowledge of a lay person, or that Davis' own statements establish the applicable standard of care.

Carson also cites case law for the proposition that expert testimony is not required in a legal malpractice action where the attorney's failure of performance is so clear that a trier of fact may find negligence unassisted by expert testimony. In making its ruling, the court acknowledged that expert testimony is not needed if Davis engaged in conduct that obviously fell below the standard of care pursuant to Day v. Rosenthal, 217 Cal. Rptr. 89, 102 (Ct. App. 1985). In applying Day's limited exception to the general rule that expert testimony is needed, the court articulated three conditions under which a jury could find that Davis engaged in conduct that obviously fell below the standard of care without the need for expert testimony. To reiterate, the court reasoned that Carson could present his malpractice due diligence claim without expert testimony provided he proved one of the following foundational facts: (1) that Davis knew about the Japanese investors' competing ownership interests in the units because the court does not need an expert to explain that it is contrary to established standards for an attorney to assign

1   personal property while aware that the property may belong to another; or (2) that Davis did no

2   due diligence, in which case, the court does not need an expert to explain that it is contrary to

3   established standards for an attorney to not do anything; or (3) that Davis knew that Quiring did

4   not have the authority to transfer the units, in which case, the court does not need an expert to

5   explain that it was contrary to established standards for an attorney to assign personal property

6   while aware that the assignor does not have the rights to do so.

7        Accordingly, because Carson failed to designate an expert, Carson is foreclosed from

8   presenting his malpractice claim unless Carson proves one of the three above identified

9   foundational facts.

10       Carson also argues that the court erred in ruling that he cannot pursue his attorney

11   malpractice claim based on Davis' allegedly negligent advice to enter into the settlement

12   agreement without an expert.  The court has already addressed this identical argument and held

13   that expert testimony is needed in order for Carson to prove that Davis fell below the standard of

14   care in advising Carson to execute the settlement agreement.  The court found that whether

15   Davis' advice in executing the settlement agreement fell below the standard of care is not a

16   matter within the common knowledge of the average lay person.  Once again, Carson fails to cite

17   to controlling case law that shows that the Court committed clear error.  Thus, expert testimony

18   is needed to identify the applicable standard of care and to evaluate Davis's performance in

19   relation to that standard.  Because Carson did not designate an expert, he will not be able to

20   pursue this claim.

21        The court finds that Carson fails to satisfy his burden under Rule 59.  Carson is

22   essentially asking the court to rethink what it has already thought.  Carson does not set forth any

23   arguments or evidence that have not already been considered by this court or cite to an

24   intervening change in controlling law, nor has he shown that the court committed clear error.

25   Carson's arguments present no basis for relief.  Moreover, Carson fails to comply with L.R. 78-

26   230(k) because he does not show that new or different facts or circumstances exist at this

27

28                           4

juncture that did not exist at the time of his prior motions.  Rather, Carson cites to cases in the instant motion that he did not previously cite in his March 10, 2009 opposition to Davis' motion in limine even though they were available to Carson when he submitted his prior briefs.  Lastly, the court finds that Carson's reply fails to set forth facts or law that would warrant a reversal of this court's prior rulings.  Carson's reply merely recycles the same arguments that this court has already addressed and rejected at the May 11, 2009 *motion in limine* hearing and as described above.  For example, Carson reargues that Davis's statements regarding due diligence define the scope of due diligence and establish the applicable standard of care.  The court disagrees and reiterates that Davis's unique personal standard of care does not define the applicable standard of care in this case.  Accordingly, Carson's motion for reconsideration is DENIED.

## **ORDER**

The court ORDERS that Carson's motion for reconsideration is DENIED.  Additionally, the current trial date set for October 27, 2009, and all other dates related to trial will remain in effect pursuant to the court's March 3, 2009 revised scheduling order.

IT IS SO ORDERED.

**Dated:    September 10, 2009                              /s/ Anthony W. Ishii**
                                                    CHIEF UNITED STATES DISTRICT JUDGE